UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-288-H

ROBERT DAVID MARSCH                                        PETITIONER

v.

COMMONWEALTH OF KENTUCKY, et al.                RESPONDENTS

**MEMORANDUM OPINION**

      Petitioner, Robert David Marsch, *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241 on grounds that he is a state prisoner who has been denied parole in violation of his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. The Court construes the petition as a second petition under 28 U.S.C. § 2254 and will, therefore, transfer the petition for appellate certification, pursuant to 28 U.S.C. § 2244.

**I.**

      Petitioner is serving a life sentence pursuant to a judgment of the Butler Circuit Court on a jury conviction of murder and arson. *Marsch v. Commonwealth*, 2004 WL 102822 (Ky.App. 2004) (affirming trial court's denial of the defendant's motion for leave to file a successive motion under Rule 11.42 of the Kentucky Rules of Criminal Procedure). Petitioner sought federal habeas corpus review in a § 2254 petition, which this Court denied in November 2000. The United States Court of Appeals for the Sixth Circuit affirmed in January 2002.

      In December 2004, the Kentucky Parole Board decided Petitioner must serve out his life sentence. Petitioner appealed, and the Board denied the appeal. The petition contains no allegations whether Petitioner thereafter sought state judicial review.

      Petitioner seeks immediate release.

## II.

Petitioner presently challenges the constitutionality of the denial of parole, whereas the previous federal petition attacked his conviction. The issue arises whether Petitioner properly seeks relief under the general habeas statute, § 2241, rather than § 2254, which restricts "second or successive" petitions filed by persons in custody pursuant to a state judgment. *See* the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), Pub. L. No. 104-132, 110 Stat. 1214 (codified in part at 28 U.S.C. § 2244(b)).

Specifically, § 2244 requires a repetitive § 2254 petitioner to move in the court of appeals for an order authorizing the district court to consider the petition. § 2244(b)(3)(A), (B); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (stating this appellate function screens petitions under "a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"). The restriction is jurisdictional; it precludes the district court from reaching the merits of the petition. *United States v. Gallegos*, 142 F.3d 1211 (10th Cir. 1998).

If the petition is properly characterized as one under § 2254, therefore, this Court lacks jurisdiction to consider whether Petitioner has exhausted his state court remedies. *See Sneed v. Donhue*, 993 F.2d 1239 (6th Cir. 1993); *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991).

There is textual support for petitioning under § 2241 as well as § 2254 for immediate release from state custody based on an unconstitutional denial of parole. Neither the Sixth Circuit nor the Supreme Court has interpreted these statutes as requiring a state prisoner in such circumstances to seek relief exclusively under § 2254. Thus, whether Petitioner may circumvent § 2244's "gatekeeping" mechanism of § 2254 petitions by petitioning instead under the general habeas statute, § 2241, depends on recent judicial interpretation of the interplay between these

statutes.

In *Felker v. Turpin*, the Supreme Court commented, "The [1996] Act codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners. ... The added restrictions which the Act places on second habeas petitions ... do not amount to [an unconstitutional] 'suspension' of the writ ... ." 518 U.S. 651, 664 (1996). The Sixth Circuit interpreted *Felker* in a related question whether § 2244's restriction of appeals applies to § 2241 petitions (in addition to § 2254 petitions). *Greene v. Tennessee Dep't of Corrections*, 254 F.3d 369 (6th Cir. 2001). There, the Sixth Circuit adopted the following reasoning of the Seventh Circuit:

> *Felker* leads to the conclusion that when a prisoner begins in the district court, § 2254 and all associated statutory requirements ... apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

*Id.* at 371 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)); *see also Long v. Kentucky*, 80 Fed. Appx. 410 (6th Cir. 2003), *unreported disposition* (holding § 2244's procedural bar applies to second or successive petitions filed under § 2241).

As the Ninth Circuit explains, "Section 2254 is properly understood as 'in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.'" *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004). If a prisoner is "in custody pursuant to a state court judgment," the Ninth Circuit holds §

2254 and the attendant restrictions in § 2244 apply. *Id.* at 1007; *see also Bass v. California Board of Prison Terms*, 2005 WL 1406100, — F.Supp.2d — (E.D. Cal. 2005) (holding that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction") (citing *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003), as rejecting petitioner's contention that § 2241 applies because his custody is "pursuant to" an order of the parole board rather than a state court (internal quotations omitted)).

The Court concludes § 2254 governs this petition. Because Petitioner has previously filed a § 2254 petition, the Court will enter a separate order transferring the petition to the Sixth Circuit as a motion for certification under § 2244(b)(3)(A).

Dated:

cc:     Petitioner, *pro se*

4412.007